Judge Owsley
delivered the Opinion of the Court.
Prior to 1811, Goodwin and Whiting Were engaged in partnership as merchants, and contracted debts to an amount beyond their means of payment.
Inthatyear Whiting died, and Goodwin, desirous of closing the business of the firm, proposed to the creditors to assign to trustees all the estate, property and effects, which belonged either to him individaily, or to the firm rif Goodwin and Whiting, provided the creditors would release him from the debts due them. The creditors, among whom were Brigham and Bigelow, acceded to the proposition of Goodwin, and on the 15th of June, 1811, the creditors and Goodwin executed an indenture, by which it was agreed that Goodwin should, within three months thereafter, make an assignment of all the goods, property, estate and effects of the said firm of Goodwin and Whiting, and all the estate, property and effects of Goodwin, for the benefit of said *107 creditors; ami by said indenture, the creditors appointed Rufus Ellis to whom the assignment was to be made.
Brigham and Bigelow extort from Goodwin the obligation sued on,for their consent to the composition of Goodwin with his prodi tors.
Assignment of the obligation.
Pleading and submission to the court.
It was by said indenture further agreed, that upon Goodwin’s making the assignment to Ellis, as aforesaid, the said creditors would release and discharge Goodwin from all debts and demands whatsoever. That in pursuance of said agreement, Goodwin, afterwards, and within the three months, did actually, by good and sufficient deed, make an assignment of all the estate, goods, property and effects belonging either to himself or the firm of Goodwin and Whiting to Ellis, according to the true intent and meaning of the indenture; and that under regular authority from the creditors, Ellis, not only received the assignment, but also the estate, property, goods and effects thereby transfered.
Prior, however, to the execution of the indenture by Goodwin and the creditors, Brigham and Bigelow privately requested Goodwin to execute to them a note for fifteen hundred dollars, part of a demand tor three thousand four hundred dollars, which they held upon the firm of Goodwin and Whiting, and refused to sign the indenture unless he wopld agree to execute such a note, payable within two yeqrs. To obtain their signature to the indenture, Goodwh| privately promised to execute the note, and after-wards, to wit, on the fifth of November, executed to Brigham arul Bigelow the note for $>1500. The agreement so made between Goodwin and Brigham and Bigelow was altogether unknown to the other creditors, and was .executed on no other consideration than as aforesaid. The estate, goods, property and effects were of great value, but not sufficient to pay the amount of debts owing by the firip of Goodwin and Whiting.
The fifteen hundred dollar note which was executed by Goodwin, was afterwards assigned by Brigham and Bigelow to Blake, and by Blake suit was brought thereon in the circuit court against Goodwin.
Under a state of pleading which allowed Goodwin to avail himself of any and every legal defence, *108 the parties agreed to submit the law and facts to the determination of the court.
Judgment of the court against Goodwin.
Ail obligation given by the debtor to one creditor, without the knowledge of the other-', as the price o!' liis consent tii a general oornpb sitio», and release of the debtor afterwards executed, is invalid.
So is an obligation, in such case, executed after the debtors assignment and creditors re-lea re to him, if given in consideration of a previous private arrangement.
Evidence going to establish the preceding facts were offered by Goodwin, but wore rejected by the court; and judgment was rendered in favor of Blake for the amount of the note with interest, &o.
In rejecting the evidence the court appears to have gone upon the idea, that if true, it constituted no legal bar to the right of Blake to recover upon the note. We shall, therefore, in revising the judgment of that court, confine our inquiries to the question, whether or not, conceding the facts to be true, Goodwin, in point of law, is bound for the aHiorit of the note.
If, at tiic time Goodwin promised to execute the note, he had in fact then given the one upon which the action of Blake is founded, and not delayed the execution- thereof until after the deed of composition was made by the creditors, there could riot bp. a reasonable doubt but what the note would have imposed no legal obligation upon Goodwin. The note would in tiiat case have been executed by Goodwin, to his creditors, Brigham and Bigelow, without the privity of the rest, after an agreement by all to take an assignment of property not sufficient to satisfy the whole of their demands, and to releasá their claims, to secure Brigham and Bigelow the residue of their demand, and, in legal contemplation, would be fraudulent as to the other creditors, and in judgment of law illegal and invalid.
But it was not until after the deed of composition was executed by the creditors, that the note was gtoen by Goodwin to Brigham and Bigelow, and as it is not for a greater sum than remained unpaid them, after the property assigned by Goodwin in trust for the use of his creditors was disposed of, the question of Goodwin’s liability under the note, must turn upon different principles. For it is impossible that after a composition between creditors, any contract. subsequently entered into by one of the creditors, though made without the privity of the others, can beso construed as to he a fraud upon the others.
The note cannot, therefore, be adjudged invalid in co.nsequence of its being executed in fraud of the *109 other creditors of Goodwin. But though not fraudulent as to others, we apprehend, in consequence of the insufficiency of the consid eration upon which it was given, there can be no recovery against Goodwin. In consequence of the assignment which Goodwin agreed to make of the property, Brigham and Bigelow undertook to release him from their debt, and after covenanting to do so, it might well b« questioned whether the residue of their debt, which the property assigned was insufficient to pay/ could form such a consideration as to uphold a subsequent promise to pay. But were such a consideration even admitted to be sufficient, when it is. recollected that the note was executed in pursuance to a promise privily made with part of the creditors, to induce them to sign the deed of composition, we apprehend the consideration must be contaminated with the fraud produced on others by the promise, and as such, insufficient to uphold the note as a valid obligation.
Bibb for plaintiff,- Chinn for defendants.
The court below should, therefore, have admitted the evidence.
The judgment must, consequently, be reverse d with cost, the cause remanded to the court below, and a new trial there had, with directions to that court to admit the evidence which was offered by Goodwin and such further proceedings there had as may not he inconsistent with this opinion.